UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COLUMBUS LIFE INSURANCE
COMPANY,
    Plaintiff,

vs.

SHARON DENISE WALKER-MACKLIN, et al.,
    Defendants.

Case No. 1:15-cv-535
Black, J.
Litkovitz, M.J.

**ORDER**

### I. Introduction

Plaintiff Columbus Life Insurance Company (CLIC) brings this interpleader action pursuant to 28 U.S.C. § 1335(a) against defendants Sharon Denise Walker-Macklin (Walker-Macklin) and Robert Walker (Walker). Three motions are pending: (1) plaintiff CLIC's motion for default judgment against defendant Walker (Doc. 9); (2) defendant Walker-Macklin's "Motion for Release of Undisputed Interpleaded Funds to Defendant, Sharon D. Walker-Macklin" (Doc. 12); and (3) plaintiff's "Motion (1) for Leave to Deposit Funds with the Court; (2) for Interpleader; (3) for Injunction; (4) for Dismissal with Prejudice; and (5) for Reasonable Costs and Fees" (Doc. 14).

### II. Factual and Procedural Background

Plaintiff CLIC filed the complaint in this interpleader action against defendants Walker-Macklin and Walker on August 14, 2015. (Doc. 1). Plaintiff is an Ohio insurance company with its principal place of business in Cincinnati, Ohio. (*Id.*, ¶ 1). It is in the business of selling life insurance. (*Id.*). Plaintiff alleges that defendants Walker-Macklin, a citizen of Ohio, and Walker, a citizen of Florida, are adverse claimants to the proceeds of a life insurance policy CLIC issued to Stephen O. Walker (the decedent), which exceeds $500.00 in value. (*Id.*, ¶¶ 2, 3,

4, 5).

The complaint presents the following factual allegations: In July 1967, the now defunct Columbus Mutual Life Insurance Company issued whole life insurance policy number 0576741 in the amount of $20,000.00 to the decedent as owner and insured (Policy). (*Id.*, ¶ 7; Exh. A). CLIC presently administers and pays all claims under the Policy. (*Id.*, ¶ 7). The Policy provides that upon the insured's death, the Policy proceeds shall be paid to the beneficiary in accordance with the designation then in effect. (*Id.*, ¶ 8; Exh. A). If the beneficiary is deceased at the time of the insured's death, then the contingent beneficiary becomes the new beneficiary. (*Id.*).

In December 1982, the decedent named his then wife Walker-Macklin as the sole primary beneficiary of the Policy and his parents Walker and Betty Walker as equal contingent beneficiaries. (*Id.*, ¶ 9; Exh. B). Betty Walker predeceased the decedent. (*Id.*). Walker-Macklin and the decedent's marriage was terminated in 1994. (*Id.*, ¶¶ 10, 11; Exh. C). In connection with the divorce proceedings, Walker-Macklin and the decedent entered into an Amended Separation Agreement, which was incorporated into their Agreed Judgment Entry for Divorce in 1994. (*Id.*, ¶ 12; Exh. D). The Amended Separation Agreement included "Mutual Releases" pursuant to which Walker-Macklin and the decedent agreed that "[e]xcept as hereinafter otherwise provided, each party hereto completely and forever releases the other from any and all rights each has, or may have . . . H. As beneficiary in any life, or other type of insurance policy issued to the other, prior to the date hereof[.]" (*Id.*; Exh. D, ¶¶ 12, 14).

At the time of the decedent's death on September 11, 2014, the Policy was in effect. (Doc. 1, ¶ 15). Both Walker-Macklin and Walker filed Beneficiary's Statements with CLIC in May 2015 asserting a claim to the benefits. (*Id.*, ¶¶ 17, 18; Exhs. E, F). CLIC states that on information and belief, one or both of these defendants may be entitled to the proceeds of the

2

Policy; however, defendants have not been able to reach an agreement on disposition of any portion of the proceeds. (*Id.*, ¶ 19).

CLIC, which does not claim any interest in the Policy proceeds, presents a claim for interpleader. (*Id.*, ¶¶ 21, 22, 23, 24). CLIC seeks an order from this Court that: (1) requires defendants to interplead in this action to present their claims for the Policy proceeds or be forever barred from asserting them; (2) requires plaintiff to deposit with the Court the accumulated value of the Policy at the time of deposit; (3) declares that plaintiff, after deposit of the amount of $27,660.46, plus applicable interest, is released and discharged from any and all liability for benefits under the Policy on account of the decedent's death and that defendants shall litigate their claims for the Policy proceeds without plaintiff's further involvement; (4) preliminarily and permanently enjoins defendants and all potential claimants to the Policy proceeds who receive notice of the injunction from filing a claim with respect to the death benefit under the Policy; (5) dismisses plaintiff from the case; and (6) awards plaintiff its attorney fees and costs.[1]  (Doc. 1, p. 6).

### III. Motion for leave to deposit funds

"'Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). The interpleader statute, 28 U.S.C. § 1335, states in pertinent part that:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . firm, or corporation . . . having in . . . its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance . . . of value or amount of $500 or

---

[1] Plaintiff alleges that it has incurred a total of $13,723.91 in attorney fees and costs as of December 15, 2015. (Doc. 14 at 10). However, plaintiff has not submitted any time sheets or other documentation to support its representation.

more, or providing for the delivery or payment . . . of money or property of such amount or value . . . if
(1) Two or more adverse claimants, of diverse citizenship as defined in [28 U.S.C. § 1332(a) or (d)], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a).

The requirements of § 1335(a)(1) are satisfied here. The amount at issue relates to a death benefit under a whole life insurance policy administered by CLIC that exceeds $500 in value. The death benefit payable under the Policy is $27,660.46, plus applicable interest, which well exceeds the jurisdictional amount required under the statute. (Doc. 1, ¶ 15). Further, there is complete diversity among the claimants: Walker-Macklin is a citizen of Ohio and Walker is a citizen of Florida. Each of these individuals has asserted a claim to the Policy proceeds by submitting a Beneficiary's Statement to CLIC. (*Id.*, Exhs. E, F).

To satisfy the jurisdictional requirement of § 1335(a)(2), CLIC must deposit "the highest amount for which it may be liable." *Kirk Excavating & Constr., Inc. v. AYS Oilfield*, No. 2:14-cv-2097, 2015 WL 6361667, at *8-9 (S.D. Ohio Oct. 22, 2015). CLIC must therefore deposit the full value of the Policy proceeds at issue, plus accrued interest, into the registry of the Court or make bond payable for that amount to the Clerk of Court. CLIC has requested to deposit $27,660.46 (the Policy proceeds), plus applicable interest, less attorney fees. The Court will grant plaintiff's request insofar as plaintiff seeks to deposit the full amount of the Policy proceeds plus accrued interest. The Court will deny plaintiff's request insofar as CLIC seeks to

deduct any amounts from the deposit for attorney fees it has allegedly incurred in connection with this litigation.  CLIC has not established the amount of attorney fees it has incurred.  CLIC must submit a motion for attorney fees and supporting affidavit proving the amount of fees before the Court can make an award of attorney fees.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff Columbus Life Insurance Company's "Motion (1) for Leave to Deposit Funds with the Court; (2) for Interpleader; (3) for Injunction; (4) for Dismissal with Prejudice; and (5) for Reasonable Costs and Fees" (Doc. 14) is **GRANTED in part.**  Plaintiff's request for leave to deposit funds is **GRANTED** insofar as plaintiff seeks to deposit the Policy proceeds, plus accrued interest, with the Court.  Plaintiff shall deposit into the Court's registry the amount of $27,660.46, plus any applicable interest, in accordance with S.D. Ohio Civ. R. 77.2(b), or in the alternative give bond payable to the Clerk of Court in that amount, within **fourteen (14) days** of the date of this Order.  Plaintiff's request to deposit funds is **DENIED** insofar as plaintiff requests to deduct any amounts for attorney fees from the deposit.

2. Plaintiff shall file a motion for attorney fees and an affidavit proving the amount of fees within **fourteen (14) days** of the date of this Order.

3. The Clerk accept for deposit into the Registry of the Court the deposit to be made by plaintiff Columbus Life Insurance Company in this cause in the amount of $27,660.46, plus any applicable interest, and the Clerk promptly invest those funds into an interest bearing account maintained by the Clerk in an approved depository in accordance with S.D. Ohio Civ. R. 77.2.

4. The Court reserves ruling on plaintiff's remaining requests for relief and the other motions filed by the parties pending deposit of the funds and the filing of plaintiff's motion for attorney fees and supporting affidavit.

Date: 4/19/16

Karen L. Litkovitz
United States Magistrate Judge