UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| COLUMBUS LIFE INSURANCE COMPANY,<br>    Plaintiff, | Case No. 1:15-cv-535<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| SHARON DENISE WALKER-MACKLIN, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

## I. Introduction

Plaintiff Columbus Life Insurance Company (CLIC) brings this interpleader action pursuant to 28 U.S.C. § 1335(a) against defendants Sharon Denise Walker-Macklin (Walker-Macklin) and Robert Walker (Walker). The following motions are pending: (1) plaintiff CLIC's motion for default judgment against defendant Walker (Doc. 9), to which Walker has not responded; (2) defendant Walker-Macklin's "Motion for Release of Undisputed Interpleaded Funds to Defendant, Sharon D. Walker-Macklin" (Doc. 12) and plaintiff's opposing memorandum (Doc. 15); (3) plaintiff's motion for interpleader, injunction, dismissal with prejudice, and reasonable costs and fees (Doc. 14), which is unopposed; and (4) plaintiff's motion for attorney fees (Doc. 19), defendant Walker-Macklin's response in opposition to the motion (Doc. 21), plaintiff's reply in support of the motion (Doc. 22), and plaintiff's supplemental documentation in support of the fee request (Doc. 24).

## II. Factual and Procedural Background

Plaintiff CLIC filed the complaint in this interpleader action against defendants Walker-Macklin and Walker on August 14, 2015. (Doc. 1). Plaintiff alleges that defendants are adverse claimants to the proceeds of a life insurance policy (Policy) issued by CLIC to Stephen O.

Walker (the decedent). (*Id.*, ¶¶ 4, 5). The jurisdictional and factual allegations of the complaint are set forth in the undersigned's Order dated April 19, 2016. (Doc. 17). The crux of the complaint is that both Walker-Macklin and Walker asserted a claim to the Policy proceeds following the decedent's death on September 11, 2014. (Doc. 1, ¶¶ 15, 17, 18; Exhs. E, F). Although one or both of these defendants may be entitled to proceeds of the Policy, they have not been able to reach an agreement on disposition of any portion of the proceeds. (*Id.*; ¶ 19).

CLIC presents a claim for interpleader. CLIC does not claim any interest in the Policy proceeds. CLIC seeks an order from this Court that: (1) requires defendants to interplead in this action to make their claims for the Policy proceeds or be forever barred from asserting them; (2) requires plaintiff to deposit with the Court the accumulated value of the Policy at the time of deposit; (3) declares that plaintiff, after deposit of the amount of $27,660.46, plus applicable interest, is released and discharged from any and all liability for benefits under the Policy on account of the decedent's death and that defendants shall litigate their claims for the Policy proceeds without plaintiff's further involvement; (4) preliminarily and permanently enjoins defendants and all potential claimants who receive notice of the injunction from filing a claim with respect to the death benefit under the Policy; (5) dismisses plaintiff from the case; and (6) awards plaintiff its attorney fees and costs.

In its prior Order of April 19, 2016, the Court set forth the jurisdictional requirements of the interpleader statute, 28 U.S.C. § 1335.[1] (Doc. 17 at 3-4). The Court found that the requirements of § 1335(a)(1) were satisfied because the amount at issue related to a death benefit

---

[1] Section 1335(a) grants district courts original jurisdiction of a civil interpleader action if three elements are satisfied: (1) the amount in controversy exceeds $500.00 (§ 1335(a)); (2) two or more adverse claimants of diverse citizenship have a claim of entitlement to the stake (§ 1335(a)(1)); and (3) the stake is deposited into the Court's registry (§ 1335(a)(2)). *Mudd v. Yarbrough*, 786 F. Supp.2d 1236, 1241 (E.D. Ky. 2011).

2

under a whole life insurance policy administered by CLIC that exceeded $500.00 in value, and there is complete diversity among the claimants. (*Id*. at 4). The Court further found that plaintiff was required to deposit "the highest amount for which it may be liable" to satisfy the jurisdictional requirement of § 1335(a)(2). (*Id*.). The Court therefore granted plaintiff's request to deposit the Policy proceeds, plus accrued interest, with the Court. (*Id*. at 5). The Court denied plaintiff's request insofar as plaintiff sought to deduct any amounts for attorney fees from the deposit and ordered plaintiff to file a motion for attorney fees and an affidavit proving the amount of fees. (*Id*.). Plaintiff gave notice on April 29, 2016, that pursuant to the Court's Order, it had deposited a check in the amount of $29,464.52 ($27,660.46 payable on the Policy plus accrued interest totaling $1,804.06) with the Clerk of Court on April 28, 2016. (Doc. 18). Plaintiff filed its motion for attorney fees and supporting declaration on May 3, 2016, seeking fees and costs in the amount of $15,504.75. (Doc. 19). The motion for attorney fees and all other motions pending in this matter are now ripe for resolution.

### III. Plaintiff's motion for interpleader (Doc. 14(1))

"Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Kirk Excavating & Constr., Inc. v. AYS Oilfield*, No. 2:14-cv-2097, 2015 WL 6361667, at *6 (S.D. Ohio Oct. 22, 2015) (quoting *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001)).[2] Section 1335 is a remedial statute which is to be liberally construed. *Id*. (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967)). An interpleader

---

[2] The Sixth Circuit in *High Tech Prods*. analyzed interpleader under Fed. R. Civ. P. 22 but noted the general principles it discussed applied equally to statutory interpleader. 497 F.3d at 641, n. 1.

3

action typically proceeds in two stages. First, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.*, at *7 (quoting *High Tech Prods.*, 497 F.3d at 641). Second, the court determines the rights of the claimants to the fund at stake via the normal litigation process. *Id.* (quoting *High Tech Prods.*, 497 F.3d at 641).

Plaintiff has satisfied the jurisdictional requirements of the interpleader statute by depositing the funds at issue with the Clerk of Court. 28 U.S.C. § 1335. Interpleader is an appropriate remedy that is available to plaintiff. Accordingly, the Court should allow this interpleader action to proceed.

**IV. Plaintiff's motion for default judgment against defendant Robert Walker (Doc. 9)**

Defendant Walker was served on August 22, 2015, and summons was returned executed on August 25, 2015. (Doc. 5). Plaintiff applied to the Clerk of Court for entry of default against defendant Walker and filed a motion for default judgment on November 19, 2015. (Docs. 9, 10). The Clerk entered defendant Walker's default on December 1, 2015. (Doc. 13). Plaintiff moves the Court to grant default judgment in its favor against Walker, find that Walker has forfeited any claim of entitlement to the Policy proceeds, and enjoin Walker from instituting an action against CLIC to recover the Policy proceeds. The motion for default judgment includes a certificate of service certifying that the motion was served on defendant Walker and defendant Walker-Macklin by regular U.S. mail. (Doc. 9). Defendant Walker has not responded to the motion to date.

Fed. R. Civ. P. 55 contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend. First, a plaintiff must request

4

from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default judgment, the factual allegations of the complaint are accepted as true. *United States v. Conces,* 507 F.3d 1028, 1038 (6th Cir. 2007).

Default judgment may be entered against a defendant who fails to answer an interpleader complaint. *Usable Life Co. v. Gann,* No. 1:09-cv-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (default judgment granted against interpleader defendant who did not answer complaint); *Minnesota Life Ins. Co. v. Wilmington Trust Co.*, No. 3:14-cv-443, 2016 WL 868221, at *1-2 (E.D. Tenn. Mar. 4, 2016) (default judgment granted against interpleader defendant who failed to answer the complaint or otherwise defend the action). By failing to answer or otherwise defend his stake in the interpleader claim, the defaulting party forfeits his interest in the funds at issue in an interpleader action and his interest is terminated upon entry of a default judgment. *Id.* (citing *SunLife Assur. of Canada (U.S.) v. Conroy,* 431 F. Supp.2d 220, 226 (D.R.I. 2006) ("[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted"); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust,* No. 1:08-cv-45, 2009 WL 1362067, at *5 (E.D. Tenn. May 13, 2009) (the defendant's "default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by [defendant] as a surviving child"); *Fed. Ins. Co. v. Adams,* No. 05-cv-00965-MSK-CBS, 2007 WL 1456103, at *7 (D. Colo. May 15, 2007) ("[a] default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue")). If only one interpleader defendant remains following the

default of another defendant, the remaining defendant is entitled to the fund. *Id.* (citing *Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133, n. 4 (4th Cir. 1984)).

Default judgment against defendant Walker is warranted. Although he was served with the complaint, Walker has not filed an answer or otherwise defended his interest in the interpleaded funds. Nor did Walker file a response to the motion for default judgment. By defaulting, defendant Walker has forfeited his right to pursue an interest in the Policy proceeds. Plaintiff should be discharged from any further liability to defendant Walker under the Policy.

**V. Plaintiff's motion for discharge from liability (Doc. 14(3)), injunction (Doc. 14(4)), and dismissal with prejudice (Doc. 14(5))**

The entry of default judgment against Walker would leave Walker-Macklin as the sole remaining defendant with a valid claim to the benefits from the decedent's Policy. *See Usable Life Co.,* 2009 WL 4348588, at *2. Thus, Walker-Macklin is entitled to receive the interpleaded funds plaintiff has deposited with the Court. Walker-Macklin's "Motion for Release of Undisputed Interpleaded Funds to Defendant, Sharon D. Walker-Macklin" (Doc. 12) should therefore be granted insofar as plaintiff seeks the payment of Policy proceeds less attorney fees and costs to which plaintiff is entitled. Because interpleader is a proper remedy under the factual scenario presented by this case, it is appropriate that plaintiff be discharged from liability for all claims related to the Policy proceeds and that plaintiff be dismissed from the lawsuit with prejudice.

The interpleader defendants should be enjoined from asserting any future claim to the funds at issue. A district court is vested with jurisdiction under 28 U.S.C. § 1335 to enjoin other state or federal proceedings "affecting" the interpleaded property. 28 U.S.C. § 2361; *Kirk Excavating & Constr., Inc.,* 2015 WL 6361667, at *11. Pursuant to 28 U.S.C. § 2361, defendants should be permanently enjoined from instituting or prosecuting any proceeding in

6

state or federal court that affects the property, instruments, or allegations involved in this action, and from interpleading in this action or asserting any claims or rights to the benefits at issue. *See Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844 (6th Cir. 2009) (citing 28 U.S.C. § 2361).

**VI. Plaintiff's motion for attorney fees (Doc. 19)**

Plaintiff seeks attorney fees and costs in the amount of $15,504.75, consisting of $14,877.00 in attorney fees for 51.4 hours of work and $627.75 in costs. (Docs. 19, 19-1). Plaintiff cites numerous authorities to show that attorney fees and costs are routinely awarded in interpleader cases. Plaintiff alleges that the number of hours counsel expended was reasonable in light of defendants' competing claims to the interpleaded funds and the nature of the services it was required to perform as the interpleader plaintiff. Plaintiff has submitted the declaration of its counsel, Eric W. Richardson, in support of its motion for attorney fees. (Doc. 19-1).

Defendant Walker-Macklin does not object to an award of attorney fees, but she objects to the amount requested. (Doc. 21). She requests that defendant be awarded a "flat fee" that would be considered "reasonable and customary" in the amount of $7,752.00 for 25.7 hours of work, which is half of the requested fee. (*Id*. at 2). Walker-Macklin alleges that plaintiff unnecessarily multiplied these proceedings and the hours claimed cannot be substantiated or validated. (*Id*. at 2-3).

In reply, plaintiff asserts that Walker-Macklin has not shown that the fees charged by its counsel are unreasonable. (Doc. 22). Plaintiff alleges that it incurred additional attorney fees advising Walker-Macklin, a pro se litigant, on how to proceed and moving for default judgment against defendant Walker. Plaintiff contends that the fees its law firm charges have been upheld as reasonable in similar interpleader actions filed in the Southern District of Ohio, and Walker-

7

Case: 1:15-cv-00535-TSB-KLL Doc #: 25 Filed: 07/25/16 Page: 8 of 12 PAGEID #: 345

Macklin has not shown any reason why its fee request should not likewise be upheld as reasonable in this case.

After plaintiff filed its reply in support of its attorney fees request, the Court granted plaintiff an opportunity to file counsel's time records or other documentation proving the amount of attorney fees requested. (Doc. 23). In response, plaintiff submitted a declaration of counsel and the legal invoices for the fees counsel charged plaintiff in this matter. (Doc. 24; *Id.*, Exh. 1, Exh. A). Plaintiff seeks to recover attorney fees for work performed by three attorneys: Mr. Richardson (10.6 hours at an hourly rate of $480.00); T. Blake Finney (22.6 hours at an hourly rate of $260.00); and Emily St. Cyr (18.2 hours at an hourly rate of $215.00). (Doc. 19-1, Exh. A, ¶¶ 4, 7). The Court finds that plaintiff should be awarded attorney fees and costs, but at a reduced amount.

The federal court has discretion to award attorney fees and costs to the plaintiff as the stakeholder in an interpleader action, whether the plaintiff's action is brought Fed. R. Civ. P. 22 or 28 U.S.C. § 1335, "whenever it is fair and equitable to do so." *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005). To recover its attorney fees and costs, the interpleading party must be "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* (citing *Septembertide Publishing v. Stein and Day,* 884 F.2d 675 (2d Cir. 1989)). The court has discretion to determine what award is appropriate, subject only to reasonableness. *Id.* In determining the reasonableness of a fee request, courts have considered such factors as whether the interpleader action was necessary and whether the interpleader-plaintiff warned the other parties to the lawsuit that it would seek attorney fees. *Ward v. Rawlake*, No. 2:14-cv-848, 2015 WL 4755206, at *2 (S.D. Ohio 2015) (*comparing Holmes*, 148 F. App'x at 259) (awarding

8

fees where plaintiff warned other parties of its intent to seek the same), *with Great Am. Life Ins. Co. v. Dixon*, 20 F. Supp.3d 613, 620 (S.D. Ohio 2014) (denying fees because the interpleader action was unnecessary and the stakeholder did not warn other parties of its intent to seek fees), *aff'd on other grounds*, No. 14-3533 (6th Cir. June 05, 2015)).

Each of the *Holmes* factors is satisfied in this case. CLIC is a disinterested stakeholder; it has conceded it is liable to pay the insurance proceeds at issue; it has deposited the disputed funds into the court; and it has sought a discharge from liability. *Holmes*, 148 F. App'x at 259. The only question is the reasonableness of the fee CLIC has requested.

There is no indication in the record that CLIC warned defendants of its intent to seek attorney fees. However, neither is there any suggestion in the record that this interpleader action was unnecessary. Counsel for CLIC has averred that both Walker and Walker-Macklin indicated throughout the earlier stages of this interpleader action that they were entitled to the Policy proceeds and each intended to appear in the action to assert a claim to the funds. (Doc. 19-1, Exh. 1, Richardson Decl., ¶ 9). These factors weigh in favor of awarding plaintiff CLIC attorney fees and costs.

As for the amount of the award, defendant Walker-Macklin challenges the fee request as excessive and unreasonable. (Doc. 21). In support of her position, she has submitted salary information for "Associate General Counsel" downloaded from an internet website. (Doc. 21 at 4-12). That information is not relevant to the reasonableness of the hourly rates charged by counsel in this case, who are attorneys with a private law firm. In ascertaining the reasonableness of the requested hourly rates, the Court notes that plaintiff's counsel have been awarded attorney fees in several recent interpleader cases brought in this district. (*See* Doc. 19, citing *Western-Southern Life Assurance Co. v. Teresa K. Locke, et al.*, No. 1:14-cv-703, Doc. 31,

9

Mar. 30, 2015 Order (Beckwith, J.); *Western-Southern Life Assurance Co. v. Pamela Jo Cropenbaker, et al.*, No. 1:15-cv-246, Doc. 19, Jan. 11, 2016 Order (Bertelsman, J., sitting by designation); *Columbus Life Ins. Co. v. Elaine C. Kay, et al.*, No. 1:14-cv-705, Doc. 36, Mar. 26, 2015 Agreed Order (Dlott, J.). Presumably the hourly rates found to be reasonable in those cases were the same or comparable to those sought here.

However, plaintiff is not entitled to recover a fee for all of the hours expended on this case. Counsel spent a number of hours preparing a response to a show cause order the Court issued to plaintiff on October 28, 2015. (Doc. 6). The Court issued the show cause order after plaintiff failed to litigate the case following the filing of the complaint on August 24, 2015, despite defendants' failure to move, answer, or otherwise plead in response to the complaint. (*Id.*). Plaintiff should not recover attorney fees for hours counsel would not have been required to expend but for plaintiff's failure to litigate the lawsuit for some period of time after defendants did not respond to the complaint. There are 10 time entries that reference time devoted to the order to show cause. (Doc. 24-1 at 6-9). Six of these entries include time devoted to other tasks. It is impossible to separate the time spent exclusively on the show cause response from the time spent on other tasks. The Court therefore finds it is appropriate to deduct the total number of hours for these entries from the total fee award. The totals are 17 hours for Attorney Finney at an hourly rate of $260.00 for a total of $4,420.00, and 4 hours for Attorney Richardson at a rate of $480.00 for a total of $1,920.00. These amounts together total $6,340.00, which subtracted from the total of $15,504.75 requested by plaintiff results in a fee award of $9,164.75. Plaintiff should be awarded this reduced amount of attorney fees and costs.

10

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment against defendant Robert Walker (Doc. 9) be **GRANTED**.

2. Plaintiff's motion for interpleader, injunction, and dismissal with prejudice (Doc. 14) be **GRANTED**; plaintiff be discharged from further liability as to the Policy proceeds; and plaintiff be **DISMISSED** from this matter with prejudice.

3. Plaintiff's motion for attorney fees (Doc. 19) be **GRANTED** and plaintiff be awarded attorney fees and costs in the amount of $9,164.75.

4. Defendant Walker-Macklin's "Motion for Release of Undisputed Interpleaded Funds to Defendant, Sharon D. Walker-Macklin" (Doc. 12) be **GRANTED in part** to the extent defendant seeks the payment of Policy proceeds and interest, less plaintiff's attorney fees and costs, in the amount of $20,299.77, plus accrued interest.

5. Defendants be permanently **ENJOINED** pursuant to 28 U.S.C. § 2361 from instituting or prosecuting any proceeding in state or federal court that affects the Policy proceeds involved in this interpleader action.

Date: 7/25/2016

Karen L. Litkovitz
United States Magistrate Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COLUMBUS LIFE INSURANCE
COMPANY,
    Plaintiff,

vs.

SHARON DENISE WALKER-MACKLIN, et al.,
Defendants.

Case No. 1:15-cv-535
Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).